UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-14012-ROSENBERG/MAYNARD

BENJAMIN VIENT,

    Plaintiff,

v.

HIGHLANDS NEWS-SUN, et al.,

    Defendants.
_____/

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court upon review of the Defendants' Motion to Dismiss Plaintiff's Fifth Amended Complaint and Lawsuit with Prejudice (the "Motion") and upon Plaintiff's response to the Court's Order Regarding Rule 11 Sanctions. *See* Mot., DE 11; Order, DE 75; Pl. Resp., DE 77.

As the Court previously stated, "the Court finds that in addition to requesting dismissal, the Motion [to Dismiss] raises serious questions regarding Plaintiff Benjamin Vient's compliance with Federal Rule of Civil Procedure 11, 'Signing Pleadings, motions, and Other Papers; Representations to the Court; Sanctions.'" Order, DE 75. The Court again highlights that:

> In pertinent part, Rule 11 provides:
>
> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or <u>unrepresented party</u> certifies that to the best of the person's knowledge, information, and belief, formed after an <u>inquiry reasonable under the circumstances</u>:
>
> > (1) it is <u>not being presented for any improper purpose, such as to harass</u>, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the <u>factual contentions have evidentiary support</u> or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> Fed. R. Civ. P. 11 (emphasis added). Notably, the Rule applies not only to attorneys' representations to the Court, but also to *unrepresented* parties, like Plaintiff. "Sanctions pursuant to Fed.R.Civ.P. 11 may be imposed against an attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).

*Id.*

After reviewing Plaintiff's Response at DE 77, the Court finds that Plaintiff has not adequately responded to the concerns outlined in the Court's Order.

In order to better address the Motion to Dismiss, the Court's Order Regarding Rule 11 Sanctions, the Plaintiff's Responses, and the Motion to Stay Discovery, the Court set a telephonic Status Conference for today, August 27, 2019. Order, DE 79. In addition to noticing the Status Conference in the docket, the Court sent Plaintiff a courtesy email informing him of the Status Conference on August 22, 2019, with opposing counsel copied. *See* Email Communication, DE 81. On August 26, 2019, Plaintiff emailed the Court to say that he could not timely file a Notice of Telephonic Appearance. *See id.* The Court responded the same day, informing Plaintiff that the Court would accept his email as his Notice of Telephonic Appearance and that the Status Conference would go on as scheduled. *See id.* Plaintiff again emailed the Court, *on the morning of the Status Conference*, stating that he is "not available today." *See* Email Communication, DE 82. Plaintiff did not formally move the Court to continue the Status

Conference, nor did he provide any explanation for his unavailability. The Court responded to Plaintiff that the Status Conference would go on as scheduled. *See id.*

The Status Conference was held, as scheduled, and counsel for Defendants appeared. *See* Minute Entry, DE 83. The Court notes that Defendants' counsel made an effort to appear, even though he also was experiencing personal circumstances that made it difficult for him to do so.

In light of the history of this case, including the high number of complaints filed, Plaintiff's Response to the Court's Order Regarding Rule 11 Sanctions, which did not *directly* address the Court's concerns, and Plaintiff's failure to appear at today's Status Conference, the Court finds that an in-person hearing is necessary to fully investigate Plaintiff's compliance with Rule 11. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

> **IT IS HEREBY ORDERED** that Plaintiff must show cause, if any, <u>in person</u> before this Honorable Court, at **2:00 PM on Thursday, September 26, 2019** in Courtroom 1 of the United States Courthouse in <u>West Palm Beach, Florida</u>, or as soon thereafter as the matter can be heard, why the Court should not impose sanctions on Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Sanctions may include, but are not limited to, dismissal of this case and the award of Defendant's attorney's fees and costs in defending this lawsuit.

**FAILURE TO APPEAR** may result in the <u>dismissal with prejudice</u> of this lawsuit and additional sanctions as the Court deems appropriate.

Finally, in light of the scheduled Show Cause Hearing, the Court exercises its discretion to **STAY** discovery and **TERMINATE** all pending deadlines in this case, pending the resolution of the Show Cause Hearing. The Court will reopen discovery and reset deadlines as appropriate

following the Show Cause Hearing. Accordingly, Defendant's Motion to Stay, DE 74, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of August, 2019.

                                                      ROBIN L. ROSENBERG
                                                     UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record