# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-CV-14012-ROSENBERG/MAYNARD

BENJAMIN VIENT,

    Plaintiff,

v.

HIGHLANDS NEWS-SUN,

    Defendant.
_____/

## ORDER DISMISSING CASE WITH PREJUDICE

This cause came before the Court on September 26, 2019, for a Show Cause Hearing upon the Court's Order to Show Cause issued under Fed. R. Civ. P. 11(c)(3). DE 84. Plaintiff Benjamin Vient and counsel for Defendant Highlands News-Sun appeared in person at the hearing. The Court has reviewed the record in this action as well as the records in Plaintiff's other copyright infringement actions filed throughout the country,[1] and has listened to the presentations of the parties at the hearing. For the reasons set forth below, the Court finds that Plaintiff has violated Fed. R. Civ. P. 11(b) and that the appropriate sanction is dismissal of this action with prejudice.

As background, *pro se* Plaintiff filed this copyright infringement action in January 2019. DE 1. The Court has permitted several amendments of the Complaint, such that the operative Complaint is now the Fifth Amended Complaint. *See* DE 5, 24, 38, 57, and 69. Plaintiff's allegations, which have developed over the course of his Complaints, are that the parties entered into an agreement for Defendant to publish two articles that had Plaintiff authored and copyrighted

---

[1] *See Vient v. Raycom Media*, No. 2:18-cv-01054 (M.D. Ala.); *Vient v. Wehco Media*, No. 4:18-cv-00942 (E.D. Ark.); *Vient v. Prairie Mountain Publ'g*, No. 1:18-cv-03325 (D. Colo.); *Vient v. Connersville News Exam'r*, No. 1:17-cv-04691 (S.D. Ind.); *Vient v. APG Media*, No. 1:18-cv-03862 (D. Md.); *Vient v. Sanford Herald*, No. 1:19-cv-00002

in Defendant's newspaper in 2015. The parties' agreement did not permit any other use of the articles. In 2018, Plaintiff discovered the articles online. Thus, he contends that Defendant has committed multiple copyright violations by reproducing, distributing, and displaying his articles without his authorization. He also contends that Defendant has falsely represented that it has a copyright on one of his articles.

Defendant has moved to dismiss the last three versions of Plaintiff's Complaint. *See* DE 40, 61, and 70. In the latest Motion to Dismiss, Defendant contends that the websites on which Plaintiff has discovered his articles are newspaper archives and that retaining articles in an archive does not support a copyright infringement claim. DE 70. After reviewing that Motion to Dismiss, the Court issued an Order Regarding Rule 11 Sanctions that reminded Plaintiff of his obligations under Fed. R. Civ. P. 11(b), took judicial notice of Plaintiff's other copyright infringement actions throughout the country, and expressed concern that this "lawsuit may not have a reasonable factual basis and may have been filed for an improper purpose, namely, to harass Defendant[]." DE 75. The Court stated that, if it is true that there has been no second publication of the articles beyond their retention in archives, "it would appear that the Plaintiff's complaints are frivolous and based on misleading factual allegations," violating Rule 11. The Court ordered Plaintiff to file a response "specifically identify[ing] what steps Plaintiff took prior to filing this lawsuit (and each of his subsequent complaints) to ensure compliance with Federal Rule of Civil Procedure 11, including, but not limited to his obligation to conduct a reasonable inquiry into the facts he alleges."

After receiving both Plaintiff's Response to the Motion to Dismiss [DE 76] and his Response to the Order Regarding Rule 11 Sanctions [DE 77], the Court set this action for a telephonic

---

(M.D. N.C.); *Vient v. Ancestry*, No. 2:19-cv-00051 (D. Utah); *Vient v. Gannett*, No. 1:18-cv-01526 (E.D. Va.); *Vient v. Ogden*, No. 5:19-cv-00009 (N.D. W.V.).

status conference. DE 79. When Plaintiff did not appear for the status conference, the Court issued its Order to Show Cause under Fed. R. Civ. P. 11(c)(3) and scheduled the Show Cause Hearing. DE 84. The Court found that Plaintiff had not adequately responded to the Order Regarding Rule 11 Sanctions and ordered Plaintiff to appear in person to show cause why the Court should not impose Rule 11 sanctions.

At the Show Cause Hearing, Plaintiff stated that the parties' agreement was for the two articles to be published once in print and that the agreement did not permit digital publication. As evidence to support his claim of copyright infringement, Plaintiff pointed to his search of online library records that revealed links to electronic copies of his articles.[2] *See* DE 69 at 9-10; *see also* Court's Exh. 4. Defendant proffered that links to electronic copies of the articles also appear in Defendant's online archives and in online archives maintained by an entity called NewsBank. *See* Court's Exhs. 2 and 3. Plaintiff could point to no other location where the articles have appeared.

> [I]t is not an infringement of copyright for a library or archives . . . to reproduce no more than one copy or phonorecord of a work . . . or to distribute such copy or phonorecord, under the conditions specified by this section, if
>
> (1) the reproduction or distribution is made without any purpose of direct or indirect commercial advantage;
>
> (2) the collections of the library or archives are (i) open to the public, or (ii) available not only to researchers affiliated with the library or archives or with the institution of which it is a part, but also to other persons doing researching in a specialized field; and
>
> (3) the reproduction or distribution of the work includes a notice of copyright that appears on the copy or phonorecord that is reproduced under the provisions of this section, or includes a legend stating that the work may be protected by copyright if no such notice can be found on the copy or phonorecord that is reproduced under the provisions of this section.

---

[2] The Court made a computer available for the parties' use during the hearing. Although Plaintiff could not replicate his search of library records because he could not remember the login information, the Court accepts his assertion that he discovered his articles in online library records.

17 U.S.C. § 108(a). Plaintiff has pointed to no evidence to support an assertion that his articles appear anywhere other than in public library records and archives.

During the hearing, Plaintiff questioned whether Defendant or NewsBank is receiving a financial advantage from his articles. He referred to language from NewsBank's website stating: "NewsBank offers publishers a cost-effective website archive sales solution. More than 1,000 websites use NewsBank to sell articles from their archives." *See* DE 77. However, NewsBank's website reflects that selling articles is just one product that NewsBank offers. *See* Court's Exh. 1. NewsBank's website also reflects that NewsBank creates and manages publications' archives and provides tools to search those archives. *See id.* Plaintiff has pointed to no evidence to support an assertion that NewsBank, Defendant, or any other entity is selling his articles, as opposed to maintaining them in the library records and archives that have been identified.

Finally, Plaintiff maintained that the photocopy attached to the Fifth Amended Complaint at DE 69 at 11 supports his contention that Defendant has falsely represented that it has a copyright on one of his articles. The Court pointed out that DE 69 at 11 is only a portion of some document. Plaintiff has not provided the full document to either Defendant or the Court and has not explained to either Defendant or the Court where this portion or the full document may be found. Plaintiff cannot maintain his claim of a false copyright designation with a portion of an unknown document.

*Pro se* parties must comply with Rule 11 in the pleadings, motions, and other papers that they file with a court. Fed. R. Civ. P. 11(b). The Court finds that Plaintiff has violated Rule 11(b) in his many Complaints and other filings by making factual contentions that lack evidentiary support and by pursuing legal theories that have no reasonable chance of success. *See id.*; *see also Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1341 (11th Cir. 2018) (stating that a court may impose

sanctions when a party files a pleading that has no reasonable factual basis, is based on a legal theory that has no reasonable chance of success, or is filed in bad faith for an improper purpose). First, Plaintiff has alleged that Defendant committed multiple copyright violations, but he has discovered his articles only in public library records and archives. A reasonable inquiry into the law would reveal that this does not constitute copyright infringement. *See* 17 U.S.C. § 108(a). Second, Plaintiff has alleged that Defendant made a false copyright designation, but he has failed to produce the document to support that allegation or explain where it may be found, despite being given the opportunity to do so. Plaintiff's claims are frivolous. He has had multiple opportunities to amend or withdraw his factual and legal allegations and has continued to pursue his frivolous claims through the six versions of his Complaint. The Court therefore concludes that an appropriate sanction for Plaintiff's conduct is the dismissal of this action with prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. This action is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's violation of Fed. R. Civ. P. 11(b).
2. All pending motions are **DENIED AS MOOT**, all hearings are **CANCELLED,** and all deadlines are **TERMINATED**.
3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of September, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff
Counsel of Record